IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CARL WAYNE WATTS, #77138**                                                                                              **PLAINTIFF**

**VERSUS**                                                                                      **CIVIL ACTION NO. 4:05cv122TSL-AGN**

**ROBERT BAILEY**                                                                                                              **DEFENDANT**

OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Watts, an inmate currently incarcerated in the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendant is Robert Bailey, Circuit Court Judge for Clarke County, Mississippi.

Background

The plaintiff is currently incarcerated based on a life sentence for robbery from Clarke County Circuit Court. Plaintiff states that Judge Bailey has denied him free copies of the records from his criminal case. Plaintiff alleges that Judge Bailey's actions have violated his constitutional rights because he is unable to file proper motions based on solid evidence to correct his illegal life sentence. Complaint at pg. 4. Plaintiff has requested that this court order a new sentencing hearing, require all of the requested documents to be present at the sentencing hearing, release him from confinement and award $200,000.00 in monetary damages.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.  Since the plaintiff was granted in forma pauperis status in this action, the Court has reviewed the complaint prior to service of process and for the reasons set forth below, determined that the plaintiff cannot maintain this action

---

   (i)  is frivolous or malicious;
   (ii)  fails to state a claim on which relief may be granted; or
   (iii)  seeks monetary relief against a defendant who is immune from such relief.

pursuant to 42 U.S.C. § 1983 against the named defendant.

## Claims

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).   Hence, the plaintiff must first pursue his request for a new sentencing hearing and his release from custody by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).  Since the plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of  28 U.S.C. § 2254(b)(1)(A).  Therefore, the portion of the plaintiff's complaint requesting a new sentencing hearing and his release from custody will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

To the extent the plaintiff is requesting monetary damages from defendant Bailey, he is absolutely immune from such relief.   Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.  Graves v. Hampton, 1 F.3d 315, 317 (5th Cir.1993). "Absolute judicial immunity extends to all

judicial acts which are not performed in the clear absence of all jurisdiction." Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)), cert. denied, 474 U.S. 1101 (1986). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); see also Forrester v. White, 484 U.S. 219, 220-21, 108 S.Ct. 538, 540-41, 98 L.Ed.2d 555 (1988). The plaintiff does not provide any facts to establish that defendant Bailey was performing acts other than those directly related to presiding over the criminal case against the plaintiff. Accordingly, the plaintiff cannot maintain this action for monetary damages pursuant to § 1983 against defendant Bailey.

## Conclusion

As discussed above, the plaintiff's claims for a new sentencing hearing and release from custody are habeas in nature and not properly pursued under 42 U.S.C. § 1983. Furthermore, Judge Bailey is absolutely immune from suit for monetary damages regarding these claims. Consequently, the plaintiff's cause of action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), with prejudice. The plaintiff's habeas claims are dismissed without prejudice.

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the   2nd    day of August, 2005.

                                                /s/ Tom S. Lee
                                               UNITED STATES DISTRICT JUDGE